IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| MICHAEL A. GRODIN, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 24-cv-02080-LKG |
| CROWN CASTLE ATLANTIC COMPANY, LLC, *et al.*, | ) Dated: November 4, 2024 |
| Defendants. | ) |

# MEMORANDUM OPINION AND ORDER
# DENYING PLAINTIFFS' MOTION TO REMAND

## Introduction

The Plaintiffs, Patricia and Michael Grodin, individually, and as the Trustees of the Michael Grodin Revocable Trust and the Patricia Grodin Revocable Trust, have moved to remand this civil action to the Circuit Court of Montgomery County, Maryland. ECF No. 41. The Defendants, Communications Construction Group, LLC ("CCG"), Crown Castle Atlantic Company, LLC ("Crown Castle Atlantic"), and Dish Wireless, LLC ("Dish Wireless"), oppose the Plaintiffs' motion to remand. ECF No. 42, 49. The motion to remand is fully briefed. ECF Nos. 41, 42, and 49. No hearing is necessary to resolve the motion. L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court **DENIES** the Plaintiffs' motion to remand.

## Factual Background And Procedural History[1]

On June 7, 2024, the Plaintiffs commenced this civil action against Defendants Crown Castle Atlantic, Crown Castle USA, Inc. ("Crown Castle USA"), Dish Wireless, and CCG in the Circuit Court of Montgomery County, Maryland. ECF No. 2. In the complaint, the Plaintiffs allege that Crown Castle Atlantic and Crown Castle USA own and operate a cell tower which is

---

[1] The facts recited in this memorandum opinion and order are taken from the complaint, Defendant Dish Wireless, LLC's notice of removal, the Plaintiffs' motion to remand and the Defendants' responses in opposition thereto. ECF Nos. 1, 2, 41, 42 and 49. On August 22, 2024, the Court dismissed Defendant Crown Castle USA, Inc. from this action. ECF No. 35.

located on property that the Plaintiffs lease to Crown Castle Atlantic and Crown Castle USA. *Id*. at ¶ 6. In this regard, the Plaintiffs also allege that, on or about April 21, 2023, the Defendants breached the terms of the lease agreement, when CCG "installed or caused to have installed" certain "underground cables and appurtenances[,]" which were necessary to support telecommunications equipment belonging to Dish Wireless located on the cell tower, outside of the leased premises. *Id*. at ¶ 9.

The Plaintiffs also allege that the Defendants: (1) damaged a water line on thier property during the installation; (2) continue to refuse to remove Dish Wireless's equipment; and (3) continue to trespass on the Plaintiffs' property. *Id*. at ¶¶ 13-14. And so, the Plaintiffs seek to receive compensatory and punitive damages from the Defendants and certain injunctive relief. *Id.* at ¶ 17 and Prayer for Relief.

On July 17, 2024, Dish Wireless removed this matter from the Circuit Court of Montgomery County, Maryland to this Court. ECF No. 1. In the notice of removal, Dish Wireless states that removal is appropriate, because this matter: (1) "is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332[;]" (2) "is a civil action, brought in a state court, in which the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs[;]" and (3) "is between citizens of different states." *Id.* at ¶ 6. Relevant to the pending motion, on July 24, 2024, CCG filed a corporate disclosure statement, pursuant to Local Rule 103.3, which states, in relevant part, that:

> Communications Construction Group, LLC is a Delaware limited liability company whose sole member is Dycom Investments, Inc. Dycom Investments, Inc. is a Delaware corporation with its principal place of business located at 11770 U.S. Highway 1, Suite 101 Palm Beach Gardens, Florida 33408.

ECF No. 9 at 1.

On July 17, 2024, the Plaintiffs filed a motion to remand. ECF No. 41. On September 12, 2024, and September 23, 2024, respectively, CCG, Crown Castle Atlantic, and Dish Wireless filed responses in opposition to the Plaintiffs' motion to remand. ECF Nos. 42 and 49.

The Plaintiffs' motion to remand having been fully briefed, the Court resolves the pending motion.

**Standards Of Decision**

**A. Removal Of State Court Civil Actions And Diversity Of Citizenship**

Under the general removal statue, 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." 28 U.S.C. 1441(a). A defendant may remove a case filed in state court to this Court on the basis of diversity of citizenship under 28 U.S.C. § 1441, if: (1) there is complete diversity between all named plaintiffs and all named defendants and (2) no defendant is a citizen of the forum. *See* 28 U.S.C. § 1441(b). In this regard, the United States Court of Appeals for the Fourth Circuit has held that complete diversity of citizenship must be established at the time of removal. *See Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (holding that a case must fall "within the 'original jurisdiction' of the federal court"). The Fourth Circuit has also held that a party seeking adjudication in federal court must "demonstrate the federal court's jurisdiction over the matter." *Strawn v. AT&T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). And so, if the plaintiff later challenges removal in a motion to remand, the burden is on the defendant to demonstrate that removal jurisdiction is proper. *Id.* at 297; *see also Cunningham v. Twin City Fire Ins. Co.*, 669 F. Supp. 2d 624, 627 (D. Md. 2009).

Relevant here, the Fourth Circuit has held that the citizenship of a limited liability company is determined by the citizenship of all of its members. *See Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302 (4th Cir. 2022) (citing *Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 121 (4th Cir. 2004)); *Travelers Indem. Co. of Am. v. Portal Healthcare Solutions, LLC.*, 644 Fed. App'x. 245, 246 (4th Cir. 2016) ("Because [the Defendant] is a limited liability company rather than a corporation, however, its citizenship for purposes of diversity jurisdiction turns not on its place of formation or principal place of business, but on the citizenship of [the Defendant's] members"). And so, a limited liability company is a citizen of the state in which its members are citizens.

**Analysis**

The Plaintiffs have moved to remand this matter to the Circuit Court of Montgomery County, Maryland, upon the ground that there is not complete diversity of citizenship among the

3

parties, because CCG and the Plaintiffs are citizens of the State of Maryland. *See generally* ECF No. 41. The Defendants counter that a remand is not warranted, because CCG is not a citizen of Maryland and there is complete diversity between the parties. ECF Nos. 42, 49. And so, the Defendants request that the Court deny the Plaintiffs' motion to remand. *Id.*

For the reasons that follow, the evidence before the Court shows that CCG and its sole member, Dycom Investments, Inc., are citizens of Florida and Delaware. The unrebutted evidence before the Court also shows that no other Defendant is a citizen of Maryland. Given this, there is complete diversity between the Plaintiffs and Defendants in this case. And so, the Court DENIES the Plaintiffs' motion to remand.

The Plaintiffs argue without persuasion that there is not complete diversity of citizenship between them and the Defendants in this matter, because CCG is a citizen of Maryland. *See* ECF No. 41 at ¶¶ 4-7. In this regard, the Fourth Circuit has held that the citizenship of a limited liability company is determined by the citizenship of its members. *See Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302 (4th Cir. 2022) (citing *Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 121 (4th Cir. 2004)); *Travelers Indem. Co. of Am. v. Portal Healthcare Solutions, LLC.*, 644 Fed. App'x. 245, 246 (4th Cir. 2016). In this case, the evidence before the Court shows that Defendant CCG is a limited liability company and that CCG is a citizen of Delaware and Florida. Notably, CCG's July 24, 2024, corporate disclosure statement states that its sole member, Dycom Investments, Inc., is "a Delaware corporation with its principal place of business located at 11770 U.S. Highway 1, Suite 101 Palm Beach Gardens, Florida 33408." ECF No. 9 at 1. Given this, CCG, and its sole member, Dycom Investments, Inc., are citizens of Delaware and Florida. *Capps*, 53 F.4th at 302; *Travelers*, 644 Fed. App'x. at 246. It is also undisputed that no other Defendant in this case is a citizen of Maryland. *See* ECF Nos. 41, 42, and 49. Given this, there is complete diversity among the Plaintiffs and Defendants in this case, as required by 28 U.S.C. § 1441(b). And so, the Court must DENY the Plaintiffs' motion to remand.

## Conclusion

Because there is complete diversity among the parties in this case, the Court **DENIES** the Plaintiffs' motion to remand (ECF No. 41).

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge